UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 3:18-cr-00019-HDM-CLB |
|---|---|
| Plaintiff, | Case No. 3:24-cv-00505-HDM |
| v. | ORDER |
| STONEY PRIOR, | |
| Defendant. | |

The defendant, Stoney Prior ("Prior"), has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 346). The government has responded (ECF No. 350). Prior has not filed any reply, and the time for doing so has expired.

In 2021, Prior was convicted pursuant to jury verdict of two counts of Murder within Indian Country in violation of 18 U.S.C. § 1111, 1151 & 1153. (ECF Nos. 105 & 283). He was sentenced to two consecutive terms of life. (ECF No. 306). The conviction was affirmed on appeal, and the United States Supreme Court denied Prior's petition for writ of certiorari. (ECF Nos. 341 & 345). Prior now moves for relief under § 2255, asserting a single claim: that his attorney rendered ineffective assistance of counsel for failing to file a motion challenging the court's subject matter jurisdiction "via treaty rights." (ECF No. 346 at 5).

Under § 2255, a federal inmate may move to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law;

1

or (4) the sentence is otherwise subject to collateral attack. *Id.* § 2255(a).

Ineffective assistance of counsel claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must satisfy two prongs to obtain habeas relief—deficient performance by counsel and prejudice. 466 U.S. at 687. With respect to the performance prong, a petitioner must carry the burden of demonstrating that his counsel's performance was so deficient that it fell below an "objective standard of reasonableness." *Id.* at 688. "'Judicial scrutiny of counsel's performance must be highly deferential,' and 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (citation omitted). In assessing prejudice, the court "must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent [counsel's] errors." *Strickland*, 466 U.S. at 696.

Prior asserts that his attorney was ineffective for refusing to file a motion to dismiss the indictment for lack of jurisdiction.

The court's jurisdiction over this matter stems from 18 U.S.C. § 1153, otherwise referred to as the Major Crimes Act. That section provides in relevant part:

> (a) Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder . . . within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

2

Indian country includes "all land within the limits of any Indian reservation." *Id.* § 1151(a).

That the federal government has the authority to pass laws exercising jurisdiction over Indians who have committed crimes against other Indians in Indian country has been a matter of settled law for well over a hundred years, *see United States v. Kagama*, 118 U.S. 375, 381-85 (1886), as has the federal government's power to abrogate treaties, *see Lone Wolf v. Hitchcock*, 187 U.S. 553, 564-68 (1903). The constitutionality of the Major Crimes Act has likewise been upheld repeatedly. *See, e.g., United States v. Gordon*, 2023 WL 8014358, at *1 (9th Cir. Nov. 20, 2023), *cert. denied*, 144 S. Ct. 1083 (2024).

Prior asserts that the Major Crimes Act is unconstitutional as applied to any Indian whose tribe had a treaty with the government protecting its inherent sovereignty prior to the passage of the Act. He argues that treaty rights can never be abrogated by subsequent legislation, and he argues that his tribe, the Paiute-Shoshone, are one such tribe that maintains its inherent sovereignty "via treaty rights."

Prior centers his argument on a misreading of *Ex parte Kan-Gi-Shun-Ca, (otherwise known as Crow Dog)*, 109 U.S. 556 (1883). Prior asserts that in that case, the Supreme Court held the federal government did not have jurisdiction to prosecute a Sioux Indian who had murdered another Sioux Indian on Sioux land because of two articles in a treaty between the Sioux Indians and the U.S. government. But that is not at all what *Crow Dog* held. Rather, in *Crow Dog* the Supreme Court held that the

federal government did not have jurisdiction because of federal law, which provided:

> Sec. 2145. Except as to crimes, the punishment of which is expressly provided for in this title, the general laws of the United States as to the punishment of crimes committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.
>
> Sec. 2146. *The preceding section shall not be construed to extend to crimes committed by one Indian against the person or property of another Indian*, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where by treaty stipulations the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively.'

*Id.* at 558 (internal punctuation omitted) (emphasis added). In seeking to nevertheless exercise jurisdiction over Crow Dog, the government asserted that the "exception contained in section 2146 . . . [was] repealed by operation and legal effect of the treaty with the different tribes of the Sioux Indians of April 29, 1868, . . . and an act of congress." *Id.* at 562. The Supreme Court concluded that the treaty and its ratification were not a clear expression of an intent to repeal section 2146 and therefore the exception precluding jurisdiction over crimes committed by Indians against Indians remained in effect. In response to *Crow Dog*, Congress just two years later passed the Major Crimes Act, which provided explicitly for federal jurisdiction without exception over several enumerated offenses, including murder. As noted above, the federal government's authority to pass this law and the constitutionality thereof is a matter of settled law. *See Larrabee v. United States*, No. 1:04-CR-10004-CBK, 2018 WL 9538208, at *1 (D.S.D. May 2, 2018).

4

Moreover, the fact that a tribe maintains sovereignty to prosecute crimes committed by its members does not preclude federal jurisdiction. *See United States v. Wheeler*, 435 U.S. 313, 323 (1978), *superseded on other grounds by statute*, 25 U.S.C. §§ 1301-1303.

As Prior's jurisdictional argument is without merit, his counsel did not render ineffective assistance in failing to raise it, *see Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012) (counsel is not ineffective for failing to raise meritless claim). Nor did such failure cause Prior prejudice.

Accordingly, as Prior has not established any entitlement to relief, IT IS THEREFORE ORDERED that his 28 U.S.C. § 2255 motion (ECF No. 346) is DENIED.

IT IS FURTHER ORDERED that Prior is DENIED a certificate of appealability, as he has not made "a substantial showing of the denial of a constitutional right," *see Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006); 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

The Clerk of Court shall enter judgment accordingly.

IT IS SO ORDERED.

DATED: This 11th day of June, 2025.

_____
UNITED STATES DISTRICT JUDGE

5